## AFFIDAVIT OF SPECIAL AGENT CHRISTOPHER REINKE

I, Christopher Reinke, being duly sworn, depose and state as follows:

## AGENT BACKGROUND

1.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI).  I have been an SA with the FBI since 2014. I am currently assigned to the Worcester Resident Agency of the Boston Division.  While employed with the FBI, I have investigated numerous criminal violations, including the online sexual exploitation of children.  In addition, during my tenure with the FBI, I have conducted or participated in the execution of search warrants involving electronic evidence.

2.      As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, online coercion and enticement, and transportation of minors, including but not limited to violations of Title 18, United States Code, Sections 2422, 2423, 2251, and 2252A.  I received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography, as defined in Title 18, United States Code, Section 2256.

## PURPOSE OF AFFIDAVIT

3.      I submit this affidavit in support of a criminal complaint charging Brian COOK (born 1989) with possession of child pornography,[1] in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

---

[1] "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."  *See* 18 U.S.C. § 2256(8)(A).  In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children.  Where I use that term in this affidavit, it is to refer to child pornography as defined by federal statute.

4.      The statements in this affidavit are based in part on information provided by other law enforcement officers and on my investigation of this matter.  I have not included every fact known to me concerning this investigation because this affidavit is being submitted for the limited purpose of establishing probable cause to believe that Brian COOK has committed the above offense.  Accordingly, I have set forth only the facts that I believe are necessary to establish the requisite probable cause.

## PROBABALE CAUSE

5.      On Monday, August 4, 2025, I obtained a search warrant to search COOK's residence in Leominster, Massachusetts.[2]

6.      On Thursday, August 7, 2025, agents executed the search warrants.  Among other things, COOK admitted that he collects and catalogues videos depicting CSAM and that he keeps his collection in his residence on his laptop computer, hard drives, and on other electronic media that agents would find in his home.  COOK voluntarily provided passwords for various devices.  An on-site review of COOK's computer and hard drives located in his residence confirmed his statements as several videos depicting CSAM were readily located.[3]

---

[2] I also obtained a search warrant for COOK's person.

[3] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause).  Here, however, the descriptions offered in the following paragraphs "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*).  The children described herein are ████████████████ younger than eighteen.  Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis

7.    For example, ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

8.    ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice").   Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography.  Nonetheless, the described imagery is available for review at the Court's request.

9. In addition, on a hard drive in COOK's residence, ███████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████

10. The FBI seized numerous electronic devices for further forensic review, including laptops, hard drives, and various other electronic storage media. The files described herein are a representative sample of a significant volume of videos depicting CSAM identified during the on-site preview of COOK's electronic devices.

## CONCLUSION

Based on the foregoing, I respectfully submit that there is probable cause to believe that on August 7, 2025, COOK possessed child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), and I request that the Court issue a criminal complaint.

I declare that the foregoing is true and correct.

_____
Christopher Reinke
Special Agent
Federal Bureau of Investigation

Sworn via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on August _____, 2025.

_____
HONORABLE DAVID H. HENNESSY
United States Magistrate Judge